MARION L. LAWRENCE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lawrence v. Commissioner
Docket No. 18771-84.
United States Tax Court
T.C. Memo 1986-522; 1986 Tax Ct. Memo LEXIS 85; 52 T.C.M. (CCH) 870; T.C.M. (RIA) 86522; October 21, 1986. Marion Lee Lawrence, pro se. Kevin M. Flynn, for the respondent. PAJAK
MEMORANDUM OPINION PAJAK, Special Trial Judge: This case was assigned pursuant to section 7456 and Rule *86 180 et seq. [1] For ease of understanding, the findings of fact and conclusions of law have been combined in this opinion. Respondent determined the following deficiencies in petitioner's federal income taxes: Additions to Taxes
Year
Deficiency
Sec. 6653(a)(1)
1980
$1,509.66
$75.48
1981
$1,507.78
$75.39
Respondent also determined that the amount of underpayment of tax caused by negligence for the taxable year 1981 was $1,507.78 and an addition to tax of 50 percent of the interest due on this amount is to be added to the tax under section 6653(a)(2). After concessions by respondent, the issues for decision are: (1) whether petitioner had unreported income for the years in issue; (2) whether petitioner is entitled to various itemized deductions; and (3) whether petitioner is liable for additions to tax under section 6653. To the extent stipulated, the facts are so found. Petitioner's mailing address was in *87 Guilderland, New York, when her petition was filed. During the taxable years 1980 and 1981, petitioner received social security benefits belonging to her mother, Mrs. Leora Broom (Mrs. Broom). During all relevant periods Mrs. Broom lived in Brooklyn, New York and petitioner lived in Albany, New York.Prior to 1980, petitioner had filed the application for Mrs. Broom's social security benefits with the Social Security Administration and requested that Mrs. Broom's checks be sent in care of petitioner to petitioner's post office address in the Albany area. Petitioner established a joint account with Mrs. Broom in the Albany area. Petitioner also maintained a joint checking account with her husband and a personal savings account for herself. During the taxable years in issue, petitioner deposited Mrs. Broom's social security checks in the joint bank account with Mrs. Broom. Petitioner also deposited her own funds in the joint bank account with Mrs. Broom. Petitioner used the comingled funds for her personal benefit. When Mr. Broom (petitioner's stepfather) applied for a Medicaid card for Mrs. Broom, he signed a statement that he had just discovered that Social Security checks in *88 his wife's name were going to petitioner. The Social Security Administration took the position that petitioner had prepared Mrs. Broom's application and that petitioner was using Mrs. Broom's money. Petitioner filed her Federal income tax returns for 1980 and 1981 using the married filing separate status. On these returns she reported income consisting solely of her wages earned as a clerk for the Department of the Treasury. Petitioner also claimed various itemized deductions. Respondent determined that Mrs. Broom's social security benefits were appropriated to petitioner's personal use and therefore were includable in petitioner's income for 1980 and 1981 in the amounts of $1,625.40 and $1,029.90, respectively. Respondent also disallowed all claimed itemized deductions for lack of substantiation and asserted the additions to tax under section 6653. Petitioner contends that she received the social security funds for Mrs. Broom's benefit and therefore the funds were not includable in petitioner's income. Section 61 defines taxable income in broad terms as "all income from whatever source derived." Generally, a lawful or unlawful gain constitutes taxable income when the recipient *89 has such control over it that, as a practical matter, the recipient derives readily realizable economic value from it. ; see . A taxpayer has such control when the property is received in a manner which allows the taxpayer freedom to dispose of the property at will. Respondent's determination is presumptively correct and petitioner has the burden of proving that the amounts should be excluded from her income. Rule 142(a); . The only evidence petitioner presented to support her claim was her own uncorroborated testimony. Petitioner asserted that Mrs. Broom had been a party to the agreement to have the checks sent to her. Petitioner also claimed that she gave most of the money to Mrs. Broom. She said she visited Mrs. Broom at least once a month at which time she gave Mrs. Broom the cash contents of her wallet except for $15. Petitioner testified that she withheld $15 to pay her toll expenses on her way to Brooklyn because "I didn't see it as my mother's *90 or my money, whatever was in my wallet." Petitioner presented no evidence other than her own testimony to support her contentions regarding the agreement, the joint bank account and alleged transfers of funds between Mrs. Broom and petitioner. Mr. Broom signed a statement in direct conflict with her testimony. The determination of whether and in what amount petitioner had unreported income in the years in issue turns on our evaluation of the credibility of the witness. We need nor accept her testimony as true; we are entitled to take into account whether it is improbable, unreasonable, or questionable. , affirming a Memorandum Opinion of this Court; see . We found petitioner's testimony with respect to this issue to be vague, confusing, conflicting, and unconvincing. On this record, we find that petitioner received funds belonging to her mother over which petitioner exercised unrestricted access and control. Since petitioner has failed to sustain her burden of proof, respondent's determination on this issue is sustained. The second issue is whether *91 petitioner is entitled to various itemized deductions. Petitioner claimed and respondent disallowed the following itemized deductions: 1980
1981
Interest Expense
$1,400.00
$1,550.00
Medical and Dental
(After the 3% limitation)
$2,250.00
$2,394.00
Taxes
$ 640.40
$ 697.02
Charitable Contributions
$1,250.00
$1,700.00
Casualty
$ 100.00
Miscellaneous-Union Dues
$ 72.00
$ 125.00
Respondent has conceded the interest expense issue in full as a result of the records provided in a conference between the parties. The parties stipulated to various bills, checks, and a receipt relating to medical and dental expenses. Based on the representations of petitioner in a conference, and to the extent there was any documentation, respondent conceded medical expense deductions in the amounts of $1,458.28 and $965.51 for 1980 and 1981, respectively. Petitioner testified specifically with respect to a foot operation in 1981 with Dr. Coush in Albany that cost "about $300." Based on this testimony, we allow a medical deduction of $200 in 1981 in addition to the amounts conceded by respondent. . *92 The remaining unsubstantiated medical expense must be disallowed. Based on documentation provided by petitioner, respondent conceded charitable deductions were substantiated for 1980 and 1981 in the amounts of $480 and $74.50, respectively. Petitioner, a Roman Catholic, attended church almost every Sunday during 1980 and 1981. Petitioner explained that the church had the following three types of collections: (1) general; (2) maintenance; and (3) upkeep and maintenance for a school which petitioner's two children attended. Petitioner claimed that sometimes she made contributions of $5, $10, $15, or $25 to the church. While we are satisfied that petitioner made cash contributions to her church, we are not satisfied with her vague testimony in regard to the amount. On this record we conclude that petitioner is entitled to deduct $104 in each of the years 1980 and 1981 for weekly cash contributions to her church. Petitioner claimed two checks paid to the Notre Dame Bishop Gibbons High School in 1980 and 1981, respectively, were charitable contributions. For purposes of section 170 and term "contribution" is synonymous with the *93 word "gift." , affd. . A gift is generally defined as a voluntary transfer of property without further consideration therefore. If a payment proceeds primarily from the incentives of an anticipated benefit to the taxpayer beyond the satisfaction which flows from a generous act, it is not a gift. . Although the charity may also benefit from such payment, the presence of a substantial direct personal benefit inuring to and anticipated by the taxpayer is fatal to any characterization of the expense as a "charitable contribution." . Petitioner's children were enrolled at the Notre Dame Bishop Gibbons High School at the time the disputed checks were drawn. These payments helped to support a school where petitioner's children were being educated.The religious education of petitioner's children was clearly a benefit to petitioner. Petitioner has failed to show that the payments were charitable contributions rather than tuition payments. As such, the payments are nondeductible. *94 In 1980 petitioner also claimed deductions for cash contributions of $150 and $125 to the United Way and the Girl Scouts, respectively. Petitioner had no receipts for such contributions and her testimony was simply inadequate to support any allowance of these deductions. As part of the 1981 charitable contribution deduction, petitioner claimed $250 as "other than cash contributions." This amount represents expenses incurred by petitioner for travel to conventions as a delegate for the Albany chapter of Blacks in Government. To qualify for a charitable contribution deduction, petitioner must prove that she made contributions to a "corporation, trust or community chest, fund or foundation" which is "organized and operated exclusively for religious, charitable, scientific, literary or educational purposes." Section 170(c). Petitioner has offered no evidence that Blacks in Government is an organization qualifying within the meaning of section 170(c). The record contains no general information regarding the organization itself or the specific purpose for which it was organized. In the absence of evidence that expenses were *95 incurred while serving a qualified organization, such expenses may not be deducted as charitable contributions. Finally, petitioner claimed deductions for taxes, and union dues on her 1980 and 1981 tax returns and for a casualty loss on her 1980 return. Petitioner made no attempt to prove these deductions at trial. Accordingly, respondent's determination with respect to these items must stand. In addition to his adjustments made in the notice of deficiency, respondent determined that petitioner is liable for additions to tax for 1980 and 1981 under section 6653(a)(1) and for 1981 under section 6653(a)(2). Again, petitioner bears the burden of proof on this issue. . Petitioner has not sustained her burden. Her records were inadequate and in many cases nonexistent. Moreover, petitioner made no serious effort to rebut the respondent's determination. Accordingly, petitioner is liable for additions to tax for 1980 and 1981 under section 6653(a)(1) and for 1981 under section 6653(a)(2). Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in question, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩